## *In re* PROUT'S ESTATE.

*(Surrogate's Court, New York County.  February 8, 1889.)*

**DESCENT AND DISTRIBUTION—LEGACY TAX—INTEREST.**

Laws N. Y. 1885, c. 483, § 4, provides that if a collateral inheritance tax is paid within one year from the death of the decedent, interest at the rate of 6 per cent. shall be charged; but, if not so paid, interest at the rate of 10 per cent. shall be charged from the time the tax accrued.  Section 5 provides that where, by reason of necessary litigation, etc., the estate cannot be settled at the end of a year from the death of the decedent, the penalty of 10 per cent. shall not be charged, but 6 per cent. only shall be collected from the expiration of such year, etc.  *Held*, that the intention was not, in case of an exception arising as provided in section 5, to remit the interest on the tax altogether for the year succeeding the death of the decedent, but to provide for a continuous rate of 6 per cent. from such death.

Application for the modification of an order providing for the payment of interest on a collateral inheritance tax.  For former report, see *ante*, 831.

*Frank L. Crawford*, for administrators.

RANSOM, S. The district attorney moves on his affidavit setting forth that the order entered in this proceeding on the 20th day of December, 1888, was wrong in that it did not provide for the payment of interest on the tax found due for one year from the date of decedent's death, September 8, 1886, and asks leave to have the decree reopened and modified by providing for that year's interest. He claims that the district attorney has no right or power to compromise or release the tax or any interest imposed by the act, and that sections 4 and 5 do not authorize its remission, and that section 5 merely gives the court power to remit the 10 per cent. penalty when necessary litigation has caused delay, but it gives no power to remit the whole year's interest imposed by section 4; and refers to the case of Almira Hutchins, deceased, in which Surrogate ROLLINS entered an order similar to the one herein of December 20, 1888, and, when the point was called to his attention, he ordered, in the decree settling the estate, the administrators to pay to the comptroller the sum of $59.25, being the amount of one year's interest upon the legacy taxes already paid to him, and which interest, amounting to said sum, the surrogate adjudges to be still due from the estate. Counsel for the administrators contends that the order of December 20, 1888, should stand as entered, and insists that sections 4 and 5 shall be read strictly, and that, by so reading them, the interest for one year from the date of death will be found not to be due. "Section 4," he claims, "divides all cases of interest to be paid into two classes, to-wit: Case 1, where the tax is paid within one year from decedent's death; case 2, where payment is not made until after the expiration of the year." That in each case interest runs from the date of death. In the latter part of section 4 an exception to case 1 is created as a reward for prompt payment. That section 5 creates an exception to case 2. That 6 per cent. is to be charged when taxes are paid within one year after dec·dent's death. The moment the year has passed the rate changes to 10 per cent., and retroacts so as to begin with the date of death. When the·year has expired without payment of the tax the estate passes from case 1 to case 2, and must pay the 10 per cent. penalty, unless relieved by the exception created by section 5. That section 5 declares that, in cases included within the exception, "the penalty of ten per cent. per annum, imposed by section 4 hereof for the non-payment of said tax, shall not be charged." He then argues that the penalty is at an end, and says: "At the end of one year that estate passed by operation of law out of the six per cent. class into the ten per cent. class, and no way is provided by which the estate is to pass back. On the contrary, after abolishing the penalty in the excepted cases, the statute declares exactly what interest such cases shall bear, to-wit: 'And in such cases only six per cent. interest shall be charged upon the said tax from the expiration of such year until the cause of such delay is removed.' If the legislature had intended to impose six per cent. from decedent's death, here was the place to say it. The provision last quoted is, under the rules of statutory interpretation, a substitute for the ten per cent. penalty in certain cases. It is a substitute for the whole, and not for a part, of such penalty. The decree of December 20, 1888, should stand as already entered." To agree with the ingenious argument advanced by counsel for the administrators would be to put a premium upon delay, and rather induce litigation, so that the estate could not be settled within the year. The act of 1885 provides for interest from the date of death, with an exception of rebate for payment within six months; but nowhere does it release the property from interest absolutely, but only from the penalty, if a proper case, in the opinion of the surrogate, is made out. The amendment of 1887 does absolutely provide that, if the tax is paid within 18 months from the date of death, no interest shall be charged. This case is to be considered under the act of 1885. Section 4 provides that, if the tax is paid within one year from the death, interest at the rate of 6 per cent. shall be charged and collected thereon, but, if not so paid, interest at

the rate of 10 per cent. shall be charged and collected from the time said tax accrued. Section 5 provides that the penalty of 10 per cent., imposed by section 4 hereof for the non-payment of said tax, shall not be charged where in cases by reason of claims, necessary litigation, or other unavoidable cause of delay, the estate cannot be settled at the end of a year from the death. In such cases only 6 per cent. shall be charged upon said tax from the expiration of such year until the cause of such delay is removed. Reading the two sections together, it seems plain that the intention here is merely to relieve the estate from the penalty, and not from the interest. For the year succeeding the decedent's death, 6 per cent. interest is charged; after that a penalty is imposed. And if good reason is shown why the estate could not be settled before the penalty was incurred, section 5 authorizes the surrogate to remit the penalty by providing that only 6 per cent. shall be charged from the expiration of the year during which the interest was 6 per cent.; making the interest continuously 6 per cent. from the death of decedent until the cause of such delay is removed, and from that time the penalty of 10 per cent. begins to run until paid. An order should be handed up modifying the order of December 20, 1888, by providing for the payment of interest on the tax at 6 per cent. from date of death of decedent.